IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL NO.: 3:22-cr-00099

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CONSENT ORDER AND |
| v. ) | JUDGMENT OF FORFEITURE |
| ) | PENDING RULE 32.2(c)(2) |
| DAVID BRINTLEY, JR. ) | |

BASED UPON the Defendant's plea of guilty and finding that there is a nexus between the property listed below and the offense(s) to which the Defendant has pled guilty and that the Defendant (or any combination of Defendants in this case) has or had a possessory interest or other legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924, and/or 28 U.S.C. § 2461(c), provided, however, that forfeiture of specific assets is subject to any and all third-party petitions under 21 U.S.C. § 853(n), pending final adjudication herein:

>One Glock, model 26, 9mm caliber pistol, and ammunition seized on or about May 10, 2021;

>One Taurus, model PT111, 9mm caliber pistol, and ammunition seized on or about May 11, 2021;

>One FNH Herstal, model 509, 9mm pistol, and ammunition seized on or about May 25, 2021;

>One Smith & Wesson, Model SD40VE, .40 caliber pistol, one Glock, Model 43X, 9mm caliber pistol, one Taurus, Model PT609 Pro, 9mm caliber pistol, one Rossi, Model M68, .38 caliber revolver, one Glock, Model 22, .40 caliber pistol with a high-capacity magazine, and ammunition seized on or about June 17, 2021;

>One Del-Ton Inc., Model DTI-15, .556 caliber pistol with a high-capacity magazine, one Taurus, Model PT111 G2A, 9mm caliber pistol, one Taurus, Model PT111 Millennium G2, 9mm caliber pistol, and ammunition seized on or about June 23, 2021;

>One Glock, Model 34 Gen 4, 9mm caliber pistol, one Smith & Wesson, Model SD9VE, 9mm caliber pistol, one Makarov, 9mm caliber pistol, and ammunition seized on or about June 29, 2021;

> One Harrington and Richardson, Model 732, .32 caliber pistol, one Taurus, Model G2C, 9mm caliber pistol, one Taurus, Model G3, 9mm caliber pistol with a high-capacity magazine, and ammunition seized on or about July 7, 2021;
>
> One Glock, Model 22, .40 caliber pistol, one Glock, Model 19, 9mm caliber pistol with a high-capacity magazine, and ammunition seized on or about July 29, 2021;
>
> One Taurus, Model G2C, 9mm caliber pistol, one Glock, Model 19, 9mm caliber pistol, one Glock, Model 33, .357 caliber pistol, one Glock, Model 36, .45 caliber pistol, and ammunition seized on or about August 3, 2021;
>
> One Taurus, Model G2C, 9mm caliber pistol, one Glock, Model 20, 10mm caliber pistol, one Taurus, Model G2S, 9mm caliber pistol, and ammunition seized on or about August 26, 2021;
>
> One Taurus, Model G2C, 9mm caliber pistol, one Taurus, Model G3C, 9mm caliber pistol, one Taurus, Model G3C, 9mm caliber pistol, one Taurus, Model G3, 9mm caliber pistol, one Taurus, Model G3, 9mm caliber pistol, and ammunition seized on or about September 2, 2021; and
>
> One Keltec, Model PF-9, 9mm caliber pistol, one Taurus, Model PT 132 Pro, .32 caliber pistol, one Taurus, Model G2C, 9mm caliber pistol, one Taurus, Model G2C, 9mm caliber pistol, and ammunition seized on or about September 9, 2021.

2. The United States Marshals Service, the investigative agency, and/or the agency contractor is authorized to take possession and maintain custody of the above specific asset(s).

3. If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of forfeiture.

4. Any person, other than the Defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest.

5. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the property, including depositions, interrogatories, and request for production of documents, and to issue subpoenas pursuant to Fed. R. Civ. P. 45.

6. As to any specific assets, following the Court's disposition of all timely petitions, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

The parties stipulate and agree that the aforementioned asset(s) constitute property derived from or traceable to proceeds of Defendant's crime(s) herein or property used in any manner to facilitate the commission of such offense(s) and are therefore subject to forfeiture pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924, and/or 28 U.S.C. § 2461(c). The Defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against Defendant. If the Defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, Defendant hereby withdraws that claim. If Defendant has not previously submitted such a claim, Defendant hereby waives all right to do so. As to any firearms listed above and/or in the charging instrument, Defendant consents to destruction by federal, state, or local law enforcement authorities upon such legal process as they, in their sole discretion deem to legally sufficient, and waives any and all right to further notice of such process or such destruction.

DENA J. KING
UNITED STATES ATTORNEY

_____
MATTHEW T. WARREN
Assistant United States Attorney

_____
DAVID BRINTELY, JR.
Defendant

_____
SCOTT GSELL
Attorney for Defendant

Signed this the 2nd day of January, 2024.

_____
HONORABLE MAX O. COGBURN, JR.
UNITED STATES DISTRICT JUDGE